*787 OPINION OF THE COURT
Philip S. Straniere, J.
“Well, you dad gum guv’ment
“You sorry so and so’s
“You got your damn hands in every pocket
“Of my clothes”*
Currently before the court is an application by the City of New York (City), as the successful defendant in each of the above small claims actions, to recover statutory costs against the unsuccessful claimants. In each of these actions a trial was conducted before a judge of the Civil Court which resulted in a dismissal of each claimant’s cause of action against the City. Now, more than two years after each trial, the clerk of the court has received a “bill of costs” from the City seeking to impose statutory costs against the claimants pursuant to CPLR 8101 et seq. Because of the uniqueness of such an application, the clerk of the court forwarded the request to the supervising judge for sua sponte review.
CPLR 8101 provides:
“Costs in an action
“The party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statue or unless the court determines that to so allow costs would not be equitable, under all of the circumstances.”
Unfortunately for the City, that phrase “unless otherwise provided by statute” has insinuated itself into this situation. New York City Civil Court Act § 1901 is titled “Amount of costs in an action.” At subdivision (c) it provides: “This section shall not apply to costs in a summary proceeding or in a small claims action[ ].” (See also Patel v 303 Fifth Ave., 184 Misc 2d 308 [2000].) Thereby explaining why this application by the City is as unique as spying a unicorn butting a yeti in front of Santa’s Workshop.
There are many valid legal and public policy reasons for excluding small claims actions from the assessment of a bill of costs in favor of a defendant. First, both CPLR article 82 and New York City Civil Court Act article 19 use the filing of a note of issue or notice of trial respectively as a fee differentiating event. Neither form is required in a small claims action or a summary proceeding. Second, in small claims actions the vast *788 majority of cases involve unrepresented litigants and resolution by arbitrators rather than judges. This results in cases being dismissed not necessarily on the merits, but because of lack of preparation or sophistication by the claimant in presenting the litigation.. Third, there is no record kept before an arbitrator and the decision is not subject to appeal. These facts would effectively make it impossible for a court to “ determine [ ] that to so allow costs would not be equitable, under all of the circumstances,” as permitted by CPLR 8101. Rather than place the court in the position of having to review a request for a bill of costs without any record, the most commonsense solution is to deny them in all small claims matters. Finally, the statute prohibits either side from recovering costs. The permitting of a defendant obtaining a bill of costs in a small claims action might have a “chilling effect” on potential claimants asserting their causes of action and would be inconsistent with the statutory proviso that small claims should “constitute a simple, informal and inexpensive procedure for the prompt determination of such claims” (CCA 1802).
The court must applaud the creativity of the City in seeking new sources of income in these times of diminishing revenue and budgetary shortfalls. However, the attempt to slip a fast ball by the batter who’s waiting for the curve will not be successful at this time. Because the court is only aware of the filings in Richmond County, it is unable to determine if this pitch will be only fouled back (limited to Staten Island) or hit out of the park (stopped citywide).
Regrettably, it appears to many commentators that the above words sung by Huck Finn’s “Pap” in “Big River” more accurately describe the current state of affairs between the people and the government — with all levels seeking to enhance revenue streams in unique ways. Hopefully, the public official looking for new income sources is not a Broadway afficionado because if he or she has seen productions of musicals such as “Urinetown” or “Anyone Can Whistle,” the citizenry could be in for some interesting times.
The clerk is directed to reject these and any future applications by the City where it is a successful defendant to enter a bill of costs against a party in a small claims action.
Note
A review of the small claims filings in Richmond County between 2009 and 2011 shows that there were 76 cases in which *789 the City was either a direct or third-party defendant. Assuming that (1) the statute even permitted a bill of costs, which the City calculated as $300 in one of the three cases and $150 in the other two; (2) for the purpose of this note, the higher amount was recoverable in every case; and (3) the City prevailed in all 76 matters; the total income would only be $21,800.
A question as to the applicability of a bill of costs should have arisen merely by reading the form used by the City in that it refers to “pre” and “post” note of issue procedures. There is no “note of issue” in Civil Court, the court uses of “notice of trial,” and there is no notice of trial in small claims court. Further the form cites CCA 1901 which should have alerted the City to read the entire statute not just the portion fixing the amounts recoverable.

 “Guv’ment” from “Big River,” music and lyrics by Roger Miller.